IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTONIO BUEHLER, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| CITY OF AUSTIN, AUSTIN POLICE | § | |
| DEPARTMENT, RANDY DEAR, | § | |
| ALJOE GARIBAY, QUINT SEBEK, | § | CAUSE NO. 1:17-CV-724-LY |
| WESLEY DEVRIES, JOHN LEO | § | |
| COFFEY, MONIKA MCCOY, RYAN | § | |
| ADAM, ALLEN HICKS, AND | § | |
| REGINALD PARKER, | § | |
| DEFENDANTS. | § | |

## ORDER

Before the court is the above-styled and numbered cause. On September 5, 2018, this court rendered an order dismissing some of Buehler's claims against some of the Defendants (Dkt. No. 52). Remaining were Buehler's claims for excessive force against four of the Defendants and Buehler's claim for wrongful arrest.[1] At that time, Buehler requested neither interlocutory relief nor a partial final judgment under Federal Rule of Procedure 54(b). Buehler instead filed a Notice of Interlocutory Appeal on September 10, 2018. On October 2, 2018, the Fifth Circuit *sua sponte* dismissed Buehler's appeal because it was premature and made before this court disposed of all claims in and all parties to this action. (Dkt. No. 56). The Fifth Circuit noted that "where an action involves multiple parties or claims, as in this case, an order dismissing some of the claims or defendants is final for appellate purposes only if the district

---

[1] The City sought to dismiss Buehler's wrongful-arrest claim on the grounds that it was barred by the independent-intermediary doctrine. This court held in its order that the independent-intermediary doctrine did not bar Buehler's wrongful-arrest claim, but mistakenly stated at the end of the order that the only pending claims were Buehler's excessive-force claims against Officers Dear, Garibay, DeVries, and McCoy. The court now CLARIFIES that the wrongful-arrest claim remains pending.

court has made an express determination that there is no just reason for delay and an express direction for the entry of judgment, *see* Fed. R. Civ. P. 54(b), or certifies the case for immediate appeal pursuant to 28 U.S.C. § 1292(b)."

Now before the court are Plaintiff's Motion for Rule 54(b) Certification of Final Judgment, Certification of 1292(b) Interlocutory Appeal, and Motion for Reconsideration filed October 2, 2018 (Dkt. No. 57), and Defendants' Response to Plaintiff's Motion for Rule 54(b) Certification of Final Judgment, Certification of 1292(b) Interlocutory Appeal, and Motion for Reconsideration filed October 9, 2018 (Dkt. No. 58). Buehler requests that the court enter partial final judgment as to the dismissed claims; certify an interlocutory appeal; and clarify, revise, or reconsider its order of September 5, 2018.

### A. Motion for Reconsideration or Clarification

Buehler asks this court to reconsider its order pursuant to Federal Rule of Civil Procedure 59(e). "Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision that does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). As the court has not rendered a final judgment in this case, Rule 54(b) applies. "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.*

Buehler asks this court to reconsider its dismissal of (1) his claims under the First Amendment for a violation of the right to free speech, freedom of petition, and freedom of the press; (2) his Fourth Amendment unlawful-arrest claim; and (3) his bystander-liability claims against all Defendants. Buehler states that this court's order incorrectly "focused only on

2

Plaintiff's First Amendment right to film police officer" when he "also asserted that Defendants violated his rights to free speech, freedom of petition, and freedom of the press." But Buehler does not, and indeed cannot, point to a place in his complaint in which he pleaded that the Defendants violated his rights to free speech, freedom of petition, and freedom of the press. As the pleadings themselves reflect, Buehler states his own claims as a violation of "Buehler's clearly established constitutional right to film the police" and for retaliation against Buehler for exercising his right to film the police. At no point does Buehler plead a stand-alone cause of action for a violation of his rights to free speech, freedom of petition, or freedom of the press.

Buehler states in his motion that "there is no question that the rights to free speech, petition and press were all clearly established at the time of the underlying incident in 2015." The Fifth Circuit did not recognize a clearly established First Amendment right to film the police until 2017. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 690 (5th Cir. 2017). In *Turner*, the circuit analyzed the right to film police officers as arising out of free speech, freedom to petition, and freedom of the press. However, because the right had not been held to be clearly established in the circuit, the court concluded that the police officers were entitled to qualified immunity for a First Amendment claim based on conduct that took place in 2015. *See id.* ("[T]here was no clearly established First Amendment right to record the police at the time of Turner's activities. All three officers are entitled to qualified immunity on Turner's First Amendment claim.").

Buehler now frivolously argues in his motion that his right "to free speech, freedom of petition and freedom of the press were all clearly established at the time of the unlawful conduct by the officers, and the officers, by their conduct, violated those rights." Buehler accordingly asks this court to reinstate his claims "for a violation of his First Amendment rights and retaliation for engaging in First Amendment activities" without acknowledging Fifth Circuit's

3

contrary holding in *Turner* and despite the fact that the Fifth Circuit considered and rejected the very argument Buehler is advancing. This court will not reinstate his First Amendment claims for the same reasons as this court stated in its order—binding Fifth Circuit precedent forecloses such a claim: there was no clearly established constitutional right to film the police when the incident between Buehler and the police took place in 2015.

Buehler shall, in all future pleadings, ensure that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

The court declines to reconsider its dismissal of Buehler's bystander-liability and excessive-force claims. Buehler rehashes the same arguments the court has rejected, without providing any analysis to show that this court's application of the facts to the law was incorrect.

### B. Partial Final Judgment and Interlocutory Order

A district court may certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) appeals are exceptional." *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Buehler fails to identify a question of law of which there is a substantial ground for difference of opinion. The court will therefore deny Buehler's motion to file an interlocutory appeal.

Nor will the court partially certify a Rule 54(b) final judgment for the dismissed claims. A motion for summary judgment is currently pending in this court and the case is set for trial in April 2019. The same set of facts are relevant to all the claims, including those that remain pending before this court. Allowing a partial appeal of this court's order dismissing some claims

4

would lead to unnecessary multiple appeals. Buehler identifies no compelling justification for taking a piecemeal appeals approach.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Rule 54(b) Certification of Final Judgment, Certification of 1292(b) Interlocutory Appeal, and Motion for Reconsideration filed October 2, 2018 (Dkt. No. 57) is **DENIED**.

SIGNED this 14th day of February, 2019.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE